# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT KNOXVILLE

| | | |
|---|---|---|
| GINA M. SEWELL and <br> STEPHEN D. SEWELL, <br><br> Plaintiffs, <br><br> v. <br><br> ALLIED INTERSTATE, INC. and <br> VICTORIA JOHNSON <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | <br><br><br><br><br> No. 3:10-CV-113 <br> (Phillips) |

## MEMORANDUM AND ORDER

On March 22, 2010, Plaintiffs filed suit against the Defendants under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq*. [Plaintiffs' Complaint, Doc. 1]. Plaintiffs have also brought invasion of privacy claims under Tennessee common law. [Id.]. On May 18, 2010, Defendants filed an answer to the complaint. [Defendants' Original Answer, Doc. 7]. In their Answer, Defendants denied liability and raised ten defenses. [Id.].

On June 8, 2010, Plaintiffs moved to strike seven of the defenses that were raised in the Original Answer. [Plaintiffs' Motion to Strike, Doc. 10]. In particular, Plaintiffs requested that the Court strike the defenses labeled "THIRD," "FIFTH," "SIXTH," "SEVENTH," "EIGHTH," "TENTH," and "ELEVENTH." [Id.]. On June 23, 2010, Defendants responded to Plaintiffs' Motion to Strike. [Defendants' Response to Plaintiffs' Motion to Strike, Doc. 14.]. In their Response, Defendants withdrew the defenses labeled "FIFTH," "SIXTH," "EIGHTH," and "ELEVENTH," in the Original Answer [Id.]. On July 2, 2010, Defendants filed an Amended

1

Answer. [Doc. 16].

The issue is whether the remaining challenged defenses (those labeled "THIRD," "SEVENTH," and "TENTH" in the Original Answer) should be stricken from the Amended Answer [Doc. 16]. For the following reasons, Plaintiffs' Motion to Strike [Doc. 10] is **GRANTED IN PART AND DENIED IN PART.**

I.   BACKGROUND

As a preliminary matter, the Court notes that it has jurisdiction pursuant to 28 U.S.C. § 1332. As a basis for this lawsuit, Plaintiffs allege that Defendants made harassing phone calls in an attempt to collect a debt allegedly owed by the Plaintiffs. The alleged debt arose from plaintiff Gina M. Sewell's ("Mrs. Sewell") obligation to pay for student loans that she cosigned. [Plaintiff's Complaint, Doc. 1, Pg. 2, ¶ 8]. The student loans are serviced by SLM Financial Corporation ("Sallie Mae") in the amount of $17,0000. [Id., Pg. 3, ¶ 8].

Plaintiffs allege that beginning on January 7, 2010, defendant Victoria Johnson ("Ms. Johnson") made harassing phone calls to collect the alleged debt. [Id., Pg. 3, ¶ 10]. Ms. Johnson is a collection agent for defendant Allied Interstate, Inc. ("Allied Interstate"). [Id., Pg. 2, ¶ 7]. Plaintiffs allege that Ms. Johnson and Allied Interstate are "debt collectors"[1]– that is, persons or entities that "use[] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).

---

[1] In this Memorandum and Order, the Court does not decide whether this case involves a "debt," or whether the Defendants qualify as a "debt collectors." The Defendants have not moved to dismiss on this basis.

Plaintiffs allege that Ms. Johnson violated the FDCPA by not complying with its disclosure requirements. [Plaintiffs' Complaint, Doc. 1, Pg. 5, ¶ 23]. Plaintiffs also allege that Ms. Johnson made false representations and used unfair means to collect the alleged debt. [Id., Pg. 5, ¶ 24]. Plaintiffs also allege that the phone calls were harassing and oppressive. [Id., Pgs.5-6, ¶ 26].

In addition, Plaintiffs allege that Ms. Johnson called Mrs. Sewell's work supervisor about the alleged debt on January 7, 2010. [Id., Pg. 7, ¶ 32]. Plaintiffs allege that this phone call violated the FDCPA's provisions about third-party conversations. [Id., Pg. 8, ¶ 39]. According to Plaintiffs, there were additional phone calls about the alleged debt. [Id., Pgs. 9-24]. These phone calls were allegedly made on January 8th, 12th, 13th, and the 15th. [Id.]. Plaintiffs allege that these phone calls–whether it was Ms. Johnson or another collection agent–violated the FDCPA. [Id.]. Plaintiffs also allege that the phone calls invaded their privacy. [Id., Pg. 28].

On March 22, 2010, Plaintiffs filed suit under the FDCPA, 15 U.S.C. §§ 1692 *et seq*. [Plaintiffs' Complaint, Doc. 1]. Plaintiffs also filed invasion of privacy claims under Tennessee common law. [Id.]. On May 18, 2010, Defendants filed an answer to the complaint. [Defendants' Original Answer, Doc. 7]. In their Original Answer, Defendants denied liability and raised ten defenses. [Id.]. On June 8, 2010, Plaintiffs moved to strike seven of Defendants' ten defenses. [Plaintiffs' Motion to Strike, Doc. 10]. On July 2, 2010, Defendants filed an Amended Answer [Doc. 16], agreeing to withdraw four of the challenged defenses. The issue is whether the remaining challenged defenses should be stricken.

## II.   STANDARD OF REVIEW

Rule 12(f) of the Federal Rules of Civil Procedure permits a court to "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous

3

matter." Fed. R. Civ. P. 12(f). The Court of Appeals for the Sixth Circuit has advised that "because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. It is a drastic remedy to be resorted only when required for the purposes of justice." Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 821-22 (6th Cir. 1953). The court further advised that "[a] motion to strike should be granted only when the pleading to be stricken has *no possible relation to the controversy*." Id. at 822 (emphasis added).

A motion to strike an affirmative defense under Rule 12(f) "is proper if the defense is insufficient; that is, if 'as a matter of law, the defense cannot succeed under any circumstances.'" SEC. v. Thorn, No. 2:01-CV-290, 2002 WL 31412440, at *2 (S.D. Ohio Sept. 30 2002) (quoting Ameriwood Indus. Int'l Corp. v. Arthur Anderson & Co., 961 F. Supp. 1078, 1083 (W.D. Mich. 1997)). A motion to strike should not be granted "if the insufficiency of the defense is not clearly apparent, or if it raises factual issues that should be determined on a hearing on the merits." United States v. Pretty Prods., Inc., 780 F. Supp. 1488, 1498 (S.D. Ohio 1991) (quotation marks and citation omitted).

Federal courts across the country do not look favorably upon motions to strike affirmative defenses. *See, e.g.*, Parks v City of Madison, 947 F.3d 948, at *2 (7th Cir. 1991) (unpublished table decision) ("A motion to strike proposes a drastic remedy, and may not be a favored procedure in the court. However, this view is generally applied to those motions to strike which attack affirmative defenses.") (citations omitted); Nugent v. Unum Life Ins. Co. of America, ---F.Supp. 2d—, 2010 WL 4780847, at *5 (D.D.C. Nov. 24, 2010) ("A court has broad discretion in ruling on a motion to strike; however, striking portions of a pleading is a drastic remedy, and motions to strike are

4

disfavored.") (citations omitted); Reyher v. Trans World Airlines, Inc., 881 F. Supp. 574, 576 (M.D. Fla. 1995) (holding that motions to strike pleadings should only be granted if "the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party").

## III. ANALYSIS

### A. First Defense: Speculative Nature of Plaintiffs' Claim for Emotional Damages

In their Motion to Strike [Doc. 10], Plaintiffs challenge the following defense raised by Defendants:

> If Plaintiffs suffered damages as alleged, any claim is speculative and recovery cannot be had against Defendants.

[Defendants' Original Answer, Doc. 7, Pg. 28]. Plaintiffs argue that this defense should be stricken because "[t]his is not an affirmative defense under the FDCPA." [Plaintiffs' Memorandum of Law in Support of their Motion to Strike, Doc. 11, Pg. 4]. In response, Defendants argue that while the defense does not apply to the FDCPA, it applies to Plaintiffs' invasion of privacy claims. [Defendants' Response to Plaintiffs' Motion to Strike, Doc. 14, Pg. 3].

Neither party is correct. As the Court will soon explain, Defendants may raise the defense as to Plaintiffs' invasion of privacy claims. In addition, Defendants may raise the defense as to Plaintiffs' request for actual damages (in the form of emotional distress) under the FDCPA.

#### 1. The Defense May Be Raised as to Plaintiffs' Invasion of Privacy Claims

In Tennessee, the tort of "invasion of privacy" has been divided into four separate causes of action. This includes (1) the unreasonable intrusion upon a plaintiff's seclusion; (2) the public disclosure of private facts; (3) false light; and (4) the appropriation of another's name or likeness for advertising or other business purposes. West v. Media Gen. Convergence, Inc., 53 S.W.3d 640,

5

642 (Tenn. 2001). While the Tennessee Supreme Court has only recognized false light and the unreasonable intrusion as causes of action, *see* Givens v. Mullikin ex rel. Estate of McElwaney, 75 S.W.3d 383, 411 (Tenn. 2002), Tennessee courts of appeal have recognized the public disclosure of private facts, and the appropriation of another's name or likeness, as causes of action, *see* Lineberry v. Locke, No. M1999-02169-COA-R3-CV, 2000 WL 1050627, at *2 (Tenn. Ct. App. July 31, 2000); Parr v. Middle Tenn. State Univ., No. M1999-01442-COA-R3-CV, 1999 WL 1086451, at *2-3 (Tenn. Ct. App. Dec. 3, 1999).

In this case, Plaintiffs have filed two invasion of privacy claims. First, Plaintiffs allege that Defendants invaded their privacy by "publicizing" private facts. Second, Plaintiffs allege that Defendants unreasonably intruded upon the seclusion of their private affairs.

In Tennessee, plaintiffs may recover actual damages–which includes damages for emotional distress–based upon invasion of privacy claims. In their answer (both the original and amended), Defendants argue that Plaintiffs' request for emotional damages is speculative. In Tennessee, "[i]t is well settled that the party seeking damages assumes the burden of proof as to those damages." Brandenburg v. Hayes, No. E2009-00405-COA-R3-CV, 2010 WL 2787854, at *5 (Tenn. Ct. App. Feb. 2, 2010) (citing Waggoner Motors, Inc. v. Waverly Church of Christ, 159 S.W.3d 42, 57 (Tenn. Ct. App. 2004)). In addition, "[d]amages cannot be based on mere conjecture or speculation." Brandenburg, 2010 WL 2787854, at *5 (citing Overstreet v. Shoney's, Inc., 4 S.W.3d 694, 703 (Tenn. Ct. App. 1999)). Whether there is a factual basis for emotional damages will be learned during the discovery process. There is not enough evidence in the record, and too many issues in dispute, for the Court to strike Defendants' affirmative defense. Accordingly, the Court finds that Defendants may raise the defense as to Plaintiffs' invasion of privacy claims.

6

### 2. The Defense May Be Raised as to Plaintiffs' Request for Actual Damages Under the FDCPA

Under the FDCPA, plaintiffs may recover "statutory" damages, "actual" damages, and attorney's fees and costs–each requiring different proof. 15 U.S.C. § 1692k(a). As one court has explained, "all that is required for an award of statutory damages is proof that the statute was violated, although a court must then exercise its discretion to determine how much to award, up to the $1,000.00 ceiling." Saving v. Computer Credit, Inc., 164 F.3d 81, 86 (2d Cir. 1998). All that a plaintiff must do to obtain statutory damages is prove that the defendant violated the FDCPA. As the Court of Appeals for the Sixth Circuit has explained, the FDCPA calls for "strict liability . . . meaning that a consumer may recover statutory damages if the debt collector violates the FDCPA even if the consumer suffered no actual damages." Fed. Home Loan Mortg. Corp., 503 F.3d 504, 513 (6th Cir. 2007). Because the FDCPA is a strict liability statute–with very few exceptions[2]–Defendants may not raise their "speculation" defense as to Plaintiffs' request for statutory damages under the FDCPA.

However, the Court finds that Defendants may raise the affirmative defense as to Plaintiffs' request for actual damages (in the form of emotional distress) under the FDCPA. Under the FDCPA, actual damages includes "out of pocket expenses, [damages for] *personal humiliation, embarrassment, mental anguish, and/or emotional distress* that results from defendant's failure to comply with the FDCPA." Milton v. Rosicki, Rosicki & Assoc., P.C., No. 02 CV 3052(NG), 2007 WL 2262893, at *3 (E.D.N.Y. Aug. 3, 2007) (emphasis added) (citation omitted). In a previous decision, Hoffman v. GC Servs. Ltd. P'ship, *et al.*, this Court held that plaintiffs may recover

---

[2] *See* Part III.C

emotional damages under the FDCPA. No. 3:08-CV-255, at *28-32 (E.D. Tenn. Mar. 3, 2010). In addition, the Court held that in order to obtain emotional damages, plaintiffs must satisfy the standards under Tennessee law for intentional or negligent infliction of emotional distress. [Id.]. Having decided that emotional damages may be recovered under the FDCPA, the Court finds that Defendants may raise their "speculation" defense as to Plaintiffs' request for actual damages under the FDCPA.

Under the strict standard adopted by the Court of Appeals for the Sixth Circuit, Plaintiffs have failed to show that Defendants' affirmative defense has "no possible relation to the controversy." Brown, 201 F.2d at 822. Accordingly, Plaintiffs' Motion to Strike [Doc. 10] is **DENIED** to the extent that Plaintiffs seek to strike Defendants' "speculative" defense as to: (1) Plaintiffs' invasion of privacy claims; and (2) Plaintiffs' request for actual damages (in the form of emotional distress) under the FDCPA. However, Plaintiffs' Motion to Strike [Doc. 10] is **GRANTED** to the extent that Plaintiffs seek to strike the defense as to Plaintiffs' request for statutory damages under the FDCPA.

**B. Comparative Fault**

**1. The Defense May Not Be Raised as to Plaintiffs' FDCPA Claims**

Plaintiffs have also challenged Defendants' "comparative fault" defense. In their Original Answer [Doc. 7], Defendants asserted the following:

> Defendants rely upon the doctrine of comparative fault, and specifically assert the fault of Plaintiffs in failing to fully understand and comply with the agreements that they had entered into, and further allege the comparative fault of Plaintiffs in causing or continuing to [cause] any alleged emotional distress or invasion of privacy experienced by them.

[Defendants' Original Answer, Doc. 7, Pgs. 28-9]. The "comparative fault" defense raised in the

Amended Answer [Doc. 16, Pg. 28] is identical to the Original Answer [Doc. 7, Pgs. 28-9]. Plaintiffs argue that the defense does not apply to FDCPA claims. They are correct.

With very few exceptions, the FDCPA is a strict liability statute. Notably, the FDCPA provides a "bona fide" defense under 15 U.S.C. § 1692k(c). S*ee* Part III.C. However, the statute does not provide a comparative fault defense, and no court has adopted such rule. Accordingly, Plaintiffs' Motion to Strike [Doc. 10] is **GRANTED** to the extent that Defendants' "comparative fault" defense is stricken as to Plaintiffs' FDCPA claims.

### 2. The Defense May Be Raised as to Plaintiffs' Invasion of Privacy Claims

In McIntyre v. Balentine, the Tennessee Supreme Court abandoned the doctrine of contributory negligence and replaced it with a "modified" comparative fault system. 833 S.W.2d 52, 57 (Tenn. 1992). The court described the new system as follows:

> Although we conclude that the all-or-nothing rule of contributory negligence must be replaced, we nevertheless decline to abandon totally our fault-based tort system. We do not agree that a party should necessarily be able to recover in tort even though he may be 80, 90, or 95 percent at fault. We therefore reject the pure form of comparative fault.
>
> We recognize that modified comparative fault systems have been criticized as merely shifting the arbitrary contributory negligence bar to a new ground. However, we feel the '49 percent rule' ameliorates the harshness of the common law rule while remaining compatible with a fault-based tort system. We therefore hold that so long as a plaintiff's negligence remains less than the defendant's negligence the plaintiff may recover; in such a case, plaintiff's damages are to be reduced to the percentage of the total negligence attributable to the plaintiff.

Id. (citations omitted). Plaintiffs argue that the "comparative fault" defense should be stricken because "Defendants have failed to state any facts in support of this defense as to what agreements

9

they are referring to that Plaintiffs have failed to understand and comply with and how Plaintiffs were involved in getting the Defendants to make illegal collection calls that resulted in causing the invasion of their own privacy." [Plaintiffs' Memorandum of Law in Support of their Motion to Strike, Doc. 11, Pg. 6]. In essence, Plaintiffs want the Court to impose a heightened pleading standard for defenses.[3] This view, however, has not been adopted by the Court of Appeals for the Sixth Circuit.

In <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), and <u>Ashcroft v. Iqbal</u>, - - -U.S. - - -, 129 S.Ct. 1937 (2009), the Supreme Court modified the pleading requirements for complaints.[4] In <u>Iqbal</u>

---

[3] Rule 8(b) of the Federal Rules of Civil Procedure–which governs defenses–states that "in responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A). Rule 8(c)–which governs affirmative defenses–states that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(c)(1).

[4] Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In 2007, the Supreme Court modified the pleading standard in the context of antitrust cases. <u>Twombly</u>, 550 U.S. at 570. Notably, the Supreme Court held that in order to survive a 12(b)(6) motion to dismiss–which attacks the sufficiency of a complaint–the plaintiff must "state a claim to relief that is *plausible* on its face." <u>Id.</u> (emphasis added). In 2009, the Supreme Court extended the <u>Twombly</u> (or plausibility) standard to all federal civil cases. <u>Iqbal</u>, 129 S.Ct. at 1953.

Under the new standard, a claim is facially plausible if the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> at 1949 (citing <u>Twombly</u>, 550 U.S. at 556). While this is not akin to a "probability requirement," the plaintiff must show "more than a sheer possibility that a defendant has acted unlawfully." <u>Id.</u> (citing <u>Twombly</u>, 550 U.S. at 556). This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 550 U.S. at 555 (citations and quotation marks omitted). In other words, a plaintiff must "plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949. A plaintiff falls short if he pleads facts "merely consistent with a defendant's liability" or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct . . ." <u>Id.</u>

In ruling upon motions to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." <u>DIRECTV, Inc. V. Treesh</u>, 487 F.3d 471, 476 (6th Cir. 2007). However, the court "need not accept as true legal conclusions or unwarranted factual inferences." <u>Id.</u> (quoting <u>Gregory</u>

and Twombly, the Supreme Court addressed Rule 8(a)(2) of the Federal Rules of Civil Procedure, the provision governing the pleading requirements for complaints. The Supreme Court did not state in Twombly or Iqball, or in any decision since, that the "plausibility" standard also applies to defenses. Likewise, the Court of Appeals for the Sixth Circuit has not expanded Iqbal and Twombly to defenses.

Notwithstanding, district courts across the country are split on this issue. *See, e.g.*, McLemore v. Regions Bank, No. 3:08-CV-21, 3:08-CV-1003, 2010 WL 1010092, at *13 (M.D. Tenn. Mar. 18, 2010) (declining to apply Twombly's plausibility standard to affirmative defenses); First Nat'l Ins. Co. of Am. v. Camps Servs., No. 08-CV-12805, 2009 WL 22861, at *2 (E.D. Mich. Jan. 5, 2009) ("Twombly's analysis of the 'short and plain statement' requirement of Rule 8(a) is inapplicable to this motion under Rule 8(c)."); Hahn v. Best Recovery Servs., LLC, No. 10-12370, 2010 WL 4483375, at *2-3 (E.D. Mich. Nov. 1, 2010) (holding the same). In McLemore, the plaintiffs attempted to strike the defendant's comparative negligence defense, arguing that Iqbal and Twombly applies to affirmative defenses. 2010 WL 1010092, at *13. In particular, the plaintiffs argued that "conclusory statements of comparative negligence" are insufficient. Id. The district court disagreed, holding that Twombly and Iqbal did not modify the pleading standard for affirmative defenses. As the court explained:

> On its face, Twombly applies only to complaints and to Rule 8(a)(2), because the Court was interpreting that subsection's requirement of a short and plain statement of the claim showing that the pleader is

---

v. Shelby Cnty., 220 F.3d 433, 446 (6th Cir. 2000)). *See also* Iqbal, 129 S.Ct. at 1949 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citing Twombly, 550 U.S. at 555). Ultimately, this determination–whether a plaintiff's claim is "plausible"–is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950 (citations omitted).

> entitled to relief. The opinion does not mention affirmative defenses
> or any other subsection of Rule 8. Iqbal focused exclusively on the
> pleading burden that applies to plaintiffs' complaints.

Id. (citations and quotations omitted).

The Court notes, however, that other courts have reached the oppositive conclusion. *See, e.g.*, Tracy v. NVR, Inc., No. 04-CV-6541L, 2009 WL 3153150, at *7 (W.D.N.Y. Sept. 30, 2009) ("Indeed, the Twombly plausibility standard applies with equal force to a motion to strike an affirmative defense under Rule 12(f).")) (citations omitted); Sun Microsystems, Inc. v. Versata Enter., Inc., 630 F. Supp. 2d 395, 404 (D. Del. 2009) (applying Twombly standard to strike affirmative defenses); United States v. Quadrini, No. 2:07-CV-13227, 2007 WL 4303213, at *4 (E.D. Mich. Dec. 6, 2007) ("Like the plaintiff, a defendant also must plead sufficient facts to demonstrate a plausible affirmative defenses . . ."). However, because the Supreme Court and Court of Appeals for the Sixth Circuit have not expressly held that the heightened pleading standard applies to defenses, this Court declines to adopt such a standard.

Under the current Sixth Circuit approach, "'an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff *fair notice of the nature of the offense*.'" Lawrence v. Chabot, 182 F. App'x 442, 456 (6th Cir. 2006) (emphasis added) (quoting 5 Wright & Miller, Federal Practice and Procedure § 1274)). In Lawrence, which involved a § 1983 civil rights action, the Court of Appeals held that it was sufficient for the defendants to plead that they were "entitled to qualified immunity for all activities complained of in this complaint." Id. The Lawrence court relied upon an earlier decision in Davis v. Sun Oil Co., in which the court declined to strike an affirmative defense that alleged–in very general terms– that "Plaintiffs' claims are barred by the doctrine of res judicata." 148 F.3d 606, 612 (6th Cir. 1998). Recently, the Court

of Appeals held in a post-Twombly decision that the defendant sufficiently pleaded a statute-of-repose defense when its answer stated that "Plaintiff's causes of action are barred in whole or in part by the applicable statutes of limitations and repose." Montgomery v. Wyeth, 580 F.3d 455, 467 (6th Cir. 2009).

Because Twombly and Iqball do not expressly apply to defenses, and because the Court of Appeals for the Sixth Circuit has not expanded the heightened pleading, this Court declines to do so. Accordingly, the Court finds that Defendants' comparative fault defense gives Plaintiffs fair notice of their defense. No more is required at this stage. Whether Plaintiffs are partially liable–that is, whether they were negligent–are facts that will be learned through the discovery process. Accordingly, Plaintiffs' Motion to Strike [Doc. 10] is **DENIED**, to the extent that Plaintiffs seek to strike the comparative fault defense as to the invasion of privacy claims.

### C. "Bona Fide Error" Defense

The FDCPA contains two exceptions for imposing liability on debt collectors. Section 1692k(c), at issue here, provides that:

> [a] debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of the evidence that the violation was not intentional and resulted from a *bona fide error* notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

15 U.S.C. § 1692k(c) (emphasis added). The debt collector carries the burden of proving that the violation was: (1) unintentional; (2) a bona fide or good faith error; and (3) made despite "the maintenance of procedures reasonably adapted to avoid the violation." Johnson v. Riddle, 305 F.3d 1107, 1121 (10th Cir. 2002). Recently, the Supreme Court held that mistakes of law–that is,

incorrect interpretations of the FDCPA–are not subject to the bona fide error defense. Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA, 130 S.Ct. 1605, 1614 (2010). In order to raise this defense, it must be based upon clerical or "factual"[5] mistakes. *See* id. (recognizing that the "broad statutory requirement of procedures reasonably designed to avoid 'any' bona fide error indicates that the relevant procedures are ones that help to avoid errors like *clerical or factual mistakes*") (emphasis added).

In their Original Answer, Defendants raised the bona fide error defense (labeled "TENTH" affirmative defense):

> Plaintiffs' claims are barred, in whole or in part, because Defendants did not act intentionally and/or Defendants' actions, if in violation of the Fair Debt Collection Practices Act, which Defendants deny, were the result of a bona fide error.

[Defendants' Original Answer, Doc. 7, Pg. 29]. Plaintiffs argue that this defense should be stricken because "[a] debt collector must explain the procedures and the manner in which they were adapted to avoid error." [Defendants' Memorandum of Law in Support of their Motion to Strike, Doc. 11, Pg. 9]. Again, Plaintiffs are attempting to impose a heightened standard for pleading affirmative defenses. At this stage in the proceedings, it is not necessary for the Defendants to explain what types of procedures–if any–were used to prevent alleged FDCPA violations. As the Court of

---

[5] While the Supreme Court held that clerical and factual errors are subject to the bona fide error defense, it did not clarify the types of "factual" errors that qualify. As the Court stated, "[w]hile factual mistakes might, in some circumstances, constitute bona fide errors and give rise to violations that are 'not intentional' within the meaning of § 1692k(c), we need not and do not decide today the precise distinction between clerical and factual errors, or what kinds of factual mistakes qualify under the FDCPA's bona fide error defense. Jerman v. Carlisle, McNellie, Rini, Kramer, & Ulrich LPA, 130 S.Ct. 1605, 1618 n.12 (2010).

Appeals for the Sixth Circuit has held, "'an affirmative defense may be pleaded in general terms and will be held to be sufficient . . . as long as it gives plaintiff *fair notice of the nature of the offense*.'" Lawrence, 182 F. App'x at 456 (emphasis added). Having reviewed both the Original Answer [Doc. 7] and the Amended Answer [Doc. 16], the Court finds that Plaintiffs were given "fair notice of the nature" of the defense. Nothing more is required. As the Court previously stated, the heightened pleading requirements of Twombly and Iqbal do not apply to defenses. *See* Part III.B.

Whether there is a factual basis for the Defendants' affirmative defense will be learned during the discovery process. Under the strict standard adopted by the Court of Appeals for the Sixth Circuit, Plaintiffs have failed to show that Defendants' affirmative defense has "no possible relation to the controversy." Brown, 201 F.2d at 822. Accordingly, Plaintiffs' Motion to Strike [Doc. 10] is **DENIED**, to the extent that Plaintiffs seek to strike Defendants' bona fide error defense under 15 U.S.C. § 1592k©.

## IV. CONCLUSION

Based on the foregoing, Plaintiffs' Motion to Strike [Doc. 10] is **GRANTED IN PART AND DENIED IN PART**. The Court makes the following rulings:

- Defendants may raise the "speculative nature" defense as to Plaintiffs' invasion of privacy claims.

- Defendants may raise the "speculative nature" defense as to Plaintiffs' request for actual damages under the FDCPA.

- The "comparative fault" defense is stricken as to Plaintiffs' FDCPA claims.

- Defendants may raise the "comparative fault" defense as to Plaintiffs' invasion of privacy claims.

- Defendants may raise the "bona fide error" defense (15 U.S.C. § 1592k(c)) as to Plaintiffs'

FDCPA claims.


**IT IS SO ORDERED.**

**ENTER:**

　　　s/ Thomas W. Phillips　　
United States District Judge